IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON P. ZUNIGA,

    Plaintiff

v.                                             2:25-cv-00393-KG-DLM

CITY OF SUNLAND PARK, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants City of Sunland Park, David Keyson, and Joseph Keyson's Motion to Dismiss, Doc. 13, and Plaintiff Ramon P. Zuniga's Response, Doc. 16. For the reasons below, the Court quashes service and orders Mr. Zuniga to effect proper service within thirty (30) days of this Order.

## I.    *Background*

The Court recounts this case's background using the pleadings, drawing all reasonable inferences in the nonmoving party's favor and describing only those facts relevant to Defendants' motion to dismiss.  *E.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 2025 WL 2430383, at \*1 (D.N.M.).

On January 26, 2025, Mr. Zuniga "was driving home when he noticed a white truck following him" and "concerned for his safety," pulled into the Sunland Park Police Department. Doc. 1 at 3.  There, he encountered Defendants Joseph and David Keyson.  Because Mr. Zuniga "only speaks Spanish," communication was limited, and the interaction escalated when officers began investigating him for a potential vehicle code violation.  *Id.*  Mr. Zuniga alleges that, during the encounter, he was removed from his vehicle and "thrown...to the ground with excessive force," resulting in "significant bodily injury.*"  Id.* at 3–4.

1

Mr. Zuniga filed a complaint on April 24, 2025. *See* Doc. 1. Having no proof of service appearing on the record, the magistrate judge entered an order to show cause on July 28, 2025, directing Mr. Zuniga to "either effect service or show good cause why Defendants have not been timely served." Doc. 7 at 1. The magistrate judge warned that failure to comply would result in dismissal without prejudice. *Id.* at 1–2.

Mr. Zuniga timely responded that the delay in service was "caused by...an attempt to settle" and "obtaining the records necessary to support the amount demanded for settlement." Doc. 8 at 1–2. He also stated that, "to comply with [the] order," he had "hired ABC Legal to serve Defendants," and provided supporting documentation of those efforts. *Id.* at 2, 4–6.

Defendants move to dismiss Mr. Zuniga's claims under Federal Rule of Civil Procedure 12(b)(5), arguing that Mr. Zuniga still has not effectuated proper service. *See generally* Doc. 13. Mr. Zuniga alleges that he served Magavi Chavez, "listed as the Deputy City Clerk of the City of Sunland Park," on three separate occasions—once for each Defendant—and that she accepted service each time. *Id.* at 4. He further asserts that he made a "diligent effort" to locate the individual Defendants but was unable to effect service at their residences as "[n]o address was obtainable for Joseph Keyson, and the resident at the only address obtained for David Keyson" stated that he did not live there. Doc. 16 at 5.

## II.     *Standard of Review*

When a defendant challenges the sufficiency of process under Rule 12(b)(5), the "plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Warden v. DirecTV*, 92 F. Supp. 3d 1140, 1143 (D.N.M. 2015). If service was insufficient, the court has discretion either to dismiss the action without prejudice or to quash service and permit re-service. *Pell v. Azar Nut*, 711 F.2d 949, 950 (10th Cir. 1983). Courts generally "quash the service and give

the plaintiff an opportunity to re-serve the defendant" when "service is insufficient but curable." *Id.*

An extension of the service time is particularly appropriate when the defendant has noticed the

lawsuit and would not be prejudiced by the delay in service. *See Willis v. Gov't Emps. Ins.*, 2016

WL 3951730, at *3 (D.N.M.).

### III.    *Analysis*

The Court quashes service as to Mr. Zuniga's claims against (A) the individual officers and

(B) Sunland Park City.

### A.    *The Court quashes service as to the individual officers.*

Mr. Zuniga failed to properly serve Joseph and David Keyson.  Under Federal Rule of Civil

Procedure Rule 4(e), an individual may be served by "delivering a copy of the summons and of the

complaint to the individual personally," by leaving copies at the individual's dwelling with a

suitable resident, by delivering them to an authorized agent, or by "following state law."  New

Mexico law similarly permits service by delivering process "to the individual personally," by

leaving it at the individual's dwelling with a resident over fifteen years of age, or by delivering it

"to an agent authorized by appointment or by law to receive service of process."  Rule 1-004(F)

NMRA.  A plaintiff must serve the summons and complaint "within 90 days after the complaint is

filed."  Fed. R. Civ. P. 4(m).

Mr. Zuniga failed to comply with these rules.  He relies on service upon Magavi Chavez,

Sunland Park's Deputy City Clerk, contending that Ms. Chavez was authorized to accept service

and forward it to the officers.  That showing is insufficient.  Mr. Zuniga identifies no evidence that

Ms. Chavez was "an agent authorized by appointment or by law to receive service of process" for

either officer in his individual capacity.  Fed. R. Civ. P. 4(e)(2)(C).  And Ms. Chavez's acceptance

of the summons and complaint does not confer such authority.  *See Cutter v. Metro Fugitive Squad*,

2008 WL 4068188, at *5 (W.D. Okla.) (concluding that service is ineffective absent evidence that

the recipient was authorized to accept service on behalf of the party) (citing *U.S. v. 51 Pieces of Real Property, Rosewell*, 17 F.3d 1306, 1313 (10th Cir. 1993)).

In its discretion, the Court quashes service rather than dismissing the claims. In deciding whether dismissal is warranted, the Court considers Plaintiff's efforts to effect service and whether Defendants have been prejudiced by the failure. *See Willis*, 2016 WL 3951730, at *3. Mr. Zuniga alleges that he made diligent efforts to locate the individual Defendants, was unable to obtain a valid address for Joseph Keyson, and was informed that David Keyson did not reside at the only address identified. Doc. 16 at 5. He also attempted service through the City Clerk's office on multiple occasions and believed, albeit mistakenly, that the clerk was authorized to accept service on behalf of the officers. *Id.* These efforts, while unsuccessful, reflect a good-faith attempt to comply with the rules. Moreover, there is no indication that the delay in service has prejudiced Defendants. To the contrary, their participation in the motion to dismiss demonstrates that they have actual notice of this action.

Defendants argue that the Complaint should be dismissed outright because Mr. Zuniga failed to comply with the Magistrate Judge's Order to Show Cause. *See* Doc. 28 at 4–5. The Court disagrees. Mr. Zuniga promptly responded to the Order and took immediate corrective action, including retaining a process server. *See* Doc. 8 at 1–2. Under these circumstances, and in the absence of prejudice, the Court declines to impose the sanction of dismissal.

### B.      *The Court quashes service as to the City of Sunland Park.*

Plaintiff's service on the City was also ineffective. Federal Rule of Civil Procedure 4(j)(2) provides that a state or local governmental entity must be served by delivering the summons and complaint "to its chief executive officer" or "in the manner prescribed by that state's law." Under New Mexico law, a municipality may be served by delivering process to "the mayor, city clerk, or any other person authorized to receive service of process." Rule 1-004(H)(1)(g) NMRA. Mr.

4

Zuniga failed to comply.  He served Ms. Chavez, the Deputy City Clerk, but the New Mexico Rules require service upon the city clerk, not a deputy clerk.  *See Jimenez v. Stone*, 2012 WL 12929753, at *1 (D.N.M.) (finding service insufficient where "the process service erroneously personally served" the deputy clerk rather than the city clerk).  The Court, in its discretion, quashes service rather than dismissing the claims outright.

**IV.**    ***Conclusion***

The Court orders that:

1. Service is quashed as to the individual-capacity claims.  Mr. Zuniga shall effect proper service within thirty (30) days of the date of this Order.

2. Service is quashed as to the claims against the City of Sunland Park.  Mr. Zuniga shall effect proper service within thirty (30) days of the date of this Order.

3. Mr. Zuniga is cautioned that any further failure to timely and properly effect service may result in dismissal of the action without further notice.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

5